*RESPUBLICA v. JOHN ROBERTS.

*Evidence in treason.*

Under the act of 1777, there must be an actual enlistment of the person *persuaded,* to constitute the offence of treason.

Although the defendant's confession, proved by two witnesses, is not sufficient to convict him, substantively, yet, where an overt act is proved, the confession may be given in evidence to substantiate it, although of another species of treason.

INDICTMENT for High Treason.—A witness was called to prove, that the defendant had attempted to prevail upon him to enlist with the British army ; but that he did not succeed.. This gave rise to a question on these words of the act of assembly : " That if any person or persons knowingly and willingly shall aid or assist any enemies at open war with this state, &c., by *persuading* others to enlist for that purpose, &c., he shall be ad-. judged guilty of high treason." (1 Sm. L. 435.)

In support of the prosecution, it was urged, that the attempt to prevail constituted the crime ; and that it was like 'the case of a man's sending intelligence to the enemy,. which was an act equally criminal in the sender, whether the intelligence was received, or not.

For the defendant, it was argued, that *persuading* implies *success ;—suadeo* signifying to advise, and *persuadeo* to advise through, or successfully : and therefore, it cannot properly be said of any person, that he was *persuaded,* unless he has done some act in consequence of his persuasion.

BY THE COURT.—There is proof of an *overt* act, that the prisoner did *enlist,* and evidence is now offered to show, that he also endeavored to *persuade* others to enlist, in the armies of the enemy. But we are of opinion, that the word *persuading,* used by the legislature, means to *succeed ;* and that there must be an actual enlistment of the person *persuaded,* in order to bring the defendant within the intention of the clause. 2 Lord Raym. 889.

The evidence offered, however, is proper to show *quo animo* the prisoner himself joined the British forces.

The counsel for the commonwealth then offered to give in evidence, the confession of the defendant, that he was going to the Head of Elk, in order to communicate some information to Mr. Galloway, who had, at that time, gone over to the enemy.

But it was opposed by the adverse counsel, who contended, that a confession, unless in open court, had never been evidence to convict. That though under the 1 *Edw. VI.,* it is said, a man might be convicted of treason, by the testimony of two witnesses, or his voluntary confession ; 2 Hawk. 256 ; yet, that statute does not extend to Pennsylvania, and by the 7 *Wm. III.,* c. 3, it is expressly declared, that no man can be indicted, arraigned, or tried, in a case of treason, but by the testimony of two witnesses, or the confession of the party made, without violence, in open court. Fost. 10, 241-3. But the act of assembly of Pennsylvania totally excludes a conviction by confession. See Prin. Penal Law, 149. A confession may, indeed, be given in evidence to corroborate a treason that has al-

Respublica v. Roberts.

ready been established by two witnesses; but not to prove the treason itself.

*40]      *BY THE COURT.—To prove the defendant's confession by two witnesses, is certainly not sufficient, under the statute, to convict him. But a confession after the fact, is a proof of the *fact itself;* and though not competent alone to supply the want of two witnesses, yet it is good by way of corroboration : and therefore, if an *overt* act has been proved in the county of Chester, by two witnesses, the evidence now offered will be proper, in confirmation of their testimony.

One of the *overt* acts, then, laid in the indictment, is aiding and assisting the enemy, by joining their armies, and this has been legally and satisfactorily proved. Notwithstanding, therefore, the other *overt* act of giving intelligence to the enemy, is not supported by any evidence, but the defendant's own confession now offered, and which is in that respect insufficient ; yet, it may be produced to substantiate another species of treason and on that ground we now admit it to be proved. See Foster 10, 244 ; 5 Bacon's Abr. 145 ; *Gregg's Case* (Fost. 217) ; 2 Hawk. 442.(*a*)

The *Attorney-General, Sergeant* and *Reed,* for the commonwealth. *Ross* and *Wilson,* for the defendant.

The prisoner being convicted by the jury, his counsel moved the court to set aside the verdict, and grant a new trial, because he was advised, " that the evidence given respecting his declarations, or confessions, was altogether illegal, and ought not to have been allowed."

After argument, by the same counsel, on both sides, the motion was refused BY THE COURT, who gave judgment for the commonwealth ; and the defendant, a short time afterwards, was accordingly executed.

---

(*a*) See Respublica *v.* McCarty, 2 Dall. 86; United States *v.* Mitchell, Id. 348.